THE WHIRLPOOL CORPORATION, a Delaware corporation, Plaintiff,

v.

Susan KING, an individual, Defendant.

No. 1:02–CV–649.

United States District Court,
W.D. Michigan.

June 4, 2003.

David J. Parson, Littler Mendelson, P.C., Chicago, IL, John E. Dewane, Butzbaugh & Dewane, PLC, St. Joseph, MI, for Whirlpool Corp.

Alan I. Greene, Michael Best & Friedrich, LLC, Chicago, IL, Jon G. March, Richard E. Hillary, II, Miller, Johnson, Snell & Cummiskey, Grand Rapids, MI, for Susan King.

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS

MCKEAGUE, District Judge.

On January 7, 2003, following a hearing, the Court issued an order denying plaintiff's motion to remand this case to state court. In the same order the Court took under advisement defendant's motion to dismiss for lack of personal jurisdiction. The Court ordered both parties to file supplemental briefs detailing the extent of defendant Susan King's contacts with Michigan. The supplemental briefing has been completed and the Court now addresses the motion to dismiss without the benefit of further hearing.

### I

The material facts are not disputed. Defendant Susan King, a citizen of Canada and the United Kingdom, is a lawyer who was initially employed by plaintiff, The Whirlpool Corporation ("Whirlpool USA"), in January 1991. Whirlpool USA is a Delaware corporation with its headquarters and principal place of business in Benton Harbor, Michigan. Defendant worked in Benton Harbor for approximately three years before accepting successive expatriate assignments in Singapore, from January 1994 to July 1996, and Italy, from July 1996 to September 2001. In Italy, defendant was assigned to Whirlpool Europe, s.r.l. ("Whirlpool Europe"), an Italian corporation and subsidiary of Whirlpool USA. In September 2001, defendant's relationship with Whirlpool USA ended as her position in Italy was terminated.

In May 2002, defendant, who continues to reside in Varese, Italy, commenced an action in Italy against Whirlpool USA and Whirlpool Europe for refusal to pay severance payments to which she claims entitlement under Italian law. Both Whirlpool defendants have apparently defended that action by contending that King remained an expatriate employee of Whirlpool USA, which is not subject to Italian law.

Whirlpool USA commenced this action in the Berrien County Circuit Court in August 2002, asserting claims for unjust enrichment and declaratory relief. In count I, Whirlpool USA alleges King breached her duty to remit to Whirlpool USA certain foreign tax refunds and credits (totaling $2,879) received by her in connection with tax obligations discharged for her by Whirlpool USA during her expatriate assignments. In count II, Whirlpool USA seeks a declaratory judgment to the effect that King remained an at will employee of Whirlpool USA from January 1991 to September 2001 and was lawfully terminated under governing Michigan law.

Defendant King removed the action to this Court based on the parties' diversity of citizenship. She contends, however, that her contacts with Michigan are too remote in time and not sufficiently related to the claims asserted by Whirlpool USA to justify exercise of personal jurisdiction

over her. She therefore asks the Court to dismiss the action under Fed.R.Civ.P. 12(b)(2).

## II

In response to the motion to dismiss, Whirlpool USA bears the burden of showing that personal jurisdiction over defendant King exists. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir.2002). Where as here the Court decides a Rule 12(b)(2) motion to dismiss without conducting an evidentiary hearing, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996). To defeat the motion, Whirlpool USA need only make a prima facie showing of jurisdiction. *Neogen,* 282 F.3d at 887.

■ The Court's exercise of personal jurisdiction in a diversity case must be both (1) authorized by the law of the forum state, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. *Id.* at 892. Whirlpool USA contends that limited personal jurisdiction is established pursuant to Michigan's long-arm statute, M.C.L. § 600.705(1), because defendant King has "transacted business" within Michigan by entering into an employment relationship in Michigan. Further, Whirlpool USA's instant claims against King are said to "arise out of" her actions in furtherance of that employment relationship.

Defendant King does not dispute the former point, but maintains that the instant action arises out of her conduct in Italy, not out of her actions in Michigan that created the employment relationship. She insists that she has not even set foot in Michigan since early 1995. Indeed, Whirlpool USA's unjust enrichment claim undeniably grows out of King's alleged failure to remit foreign tax refunds in connection with her overseas activities in Singapore and Italy. The declaratory judgment claim is undeniably brought in reaction to King's Italian litigation. It seeks a declaration essentially that King's efforts in Italy in furtherance of her expatriate assignment to Whirlpool Europe, where actually in the course of her continuing employment with Whirlpool USA. Irrespective of the merits of both claims, it is clear that they arise substantially out of defendant King's actions in Italy and not out of her transaction of business in Michigan.

On the other hand, Whirlpool USA argues, King's actions in Italy were in furtherance of her employment responsibilities to her Michigan employer, responsibilities imposed via Whirlpool USA's expatriate policy. But for King's transaction of business in Michigan (i.e., initially entering into and performing under the employment contract in Michigan), there would be no grounds for Whirlpool USA's instant claims. In this respect, Whirlpool USA's cause of action certainly was "made possible by" or "lies in the wake of" King's transaction of business in Michigan. *See Lanier v. American Bd. of Endodontics,* 843 F.2d 901, 909 (6th Cir.1988)(equating the Michigan statute's "arising out of" requirement with "made possible by" or "lying in the wake of"). Indeed, the Sixth Circuit has held that "an action will be deemed not to have arisen from the defendant's contacts with the forum state only when they are unrelated to the operative facts of the controversy." *Alta Analytics Inc. v. Muuss,* 75 F.Supp.2d 773, 782 (S.D.Ohio 1999), quoting *Creech v. Roberts,* 908 F.2d 75, 80 (6th Cir.1990).

Viewing the pleadings and affidavits in the light most favorable to Whirlpool USA, the Court cannot hold that King's contacts

with Michigan, though not substantial in recent years, are unrelated to the operative facts of the controversy. Whirlpool USA has made a prima facie showing that the requisites of Michigan's long-arm statute for exercise of limited personal jurisdiction over a non-resident individual are satisfied. It remains to be determined whether exercise of personal jurisdiction would comport with due process.

## III

■ To satisfy the demands of due process, the exercise of personal jurisdiction over defendant King must be shown not to offend "traditional notions of fair play and substantial justice." *Neogen*, 282 F.3d at 889, *quoting Int'l Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Whirlpool USA must make a prima facie showing that the following three-part test is satisfied:

First, the defendant must purposefully avail himself of the privilege off acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.*, quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968).

Obviously, the first two parts of this test are similar to the requirements of Michigan law discussed above and deemed to be satisfied. Thus, the dispositive question is whether defendant King's actions in Italy, allegedly in the course of her employment relationship with a Michigan employer, have a sufficiently substantial connection with Michigan to render exercise of personal jurisdiction over her reasonable. Defendant insists her actions that form the grounds for Whirlpool USA's claims were performed in the course of her employment with Whirlpool Europe and have a far too attenuated connection with Michigan to justify exercise of personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (explaining that the "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts.)

This argument begs the ultimate question: whether, for relevant purposes, defendant was an employee of Whirlpool USA or Whirlpool Europe. But for the involvement of Whirlpool Europe, King's actions in furtherance of her temporary expatriate assignment for Whirlpool USA, for which she received payment and benefits from Whirlpool USA in Michigan, would clearly militate in favor of finding personal jurisdiction established. Yet, King's work was undisputedly directed and supervised by, and primarily for the benefit of, Whirlpool Europe, a circumstance tending to diminish the significance of her ongoing contacts with Michigan. Considering that her work performance at issue occurred entirely overseas, that she resides in Italy, and that she has not been to Michigan since 1995, defendant King's connections with Michigan appear to be insubstantial and exercise of personal jurisdiction over her is arguably unfair and unreasonable.

This impression is underscored by the procedural posture of this litigation. Whirlpool USA's complaint is a reaction to King's first-filed action in Italy concerning substantially similar issues. Both Whirlpool USA and Whirlpool Europe are parties to the action in Italy and Whirlpool USA has made no showing that it cannot obtain full and fair relief in Italy.

■ In evaluating the reasonableness of jurisdiction, i.e., whether it would comport

with notions of fair play and substantial justice, the Court considers such factors as the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the judicial system's interest in obtaining the most efficient resolution of controversies. *Burger King,* 471 U.S. at 477, 105 S.Ct. 2174. Taken as a whole, in the opinion of this Court, these factors weigh decidedly against the exercise of personal jurisdiction.

First, the burden on defendant King, an individual who resides in Italy, of litigating these claims in Michigan is obvious and substantial. Second, the State of Michigan may be deemed to have a technical interest in adjudicating the nature of King's employment relationship with a Michigan-based company. In comparison with Italy, however, where King's work was performed for the last five years of the relationship, Michigan's interest pales. Third, plaintiff Whirlpool USA's interest in convenient and effective relief would be well served if the Court were to exercise jurisdiction. Yet, considering that Whirlpool USA chose to place King in her expatriate assignment with its subsidiary Whirlpool Europe in Italy and has an established presence there, the burden on Whirlpool USA posed by proceeding in Italy would seem clearly to be lighter than the burden on defendant King posed by proceeding in this Court. Finally, considering the interests of comity, judicial economy and avoidance of duplicative litigation, the earlier pendency of litigation in Italy involving substantially similar issues weighs strongly against the exercise of personal jurisdiction by this Court. *See NGS American, Inc. v. Jefferson,* 218 F.3d 519, 522 (6th Cir.2000) (observing that federal courts frown upon declaratory judgment actions brought for procedural fencing purposes); *Smith v. Securities and Exchange Comm'n,* 129 F.3d 356, 361 (6th Cir.1997) (noting general principle of avoiding duplicative litigation); and *Michigan Community Services, Inc. v. National Labor Relations Board,* 309 F.3d 348, 356 (6th Cir. 2002) (recognizing comity "as a golden rule among nations—that each must give the respect to the laws, policies and interests of others that it would have others give to its own in the same or similar circumstances.").

Considering the totality of the circumstances presented in this case, the Court thus concludes that exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Even though plaintiff has made a prima facie showing that defendant King purposefully availed herself of the privilege of transacting business in Michigan, and even though the instant claims arguably arose out of those actions, this is the unusual case where defendant's actions nonetheless do not result in a sufficiently substantial connection with Michigan to render exercise of personal jurisdiction reasonable. It follows that defendant's motion to dismiss for lack of personal jurisdiction will be granted. An order consistent with this opinion shall issue forthwith.

## ORDER OF DISMISSAL

In accordance with the Court's memorandum opinion of even date,

**IT IS HEREBY ORDERED** that the motion of defendant Susan King under Fed.R.Civ.P. 12(b)(2) to dismiss the complaint of plaintiff The Whirlpool Corporation for lack of personal jurisdiction is **GRANTED;** and

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** for lack of personal jurisdiction over the defendant.